UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRANCE JONES #302918 | CIVIL ACTION |
| VERSUS | NO: 06-939 |
| BURL CAIN, WARDEN | SECTION: "C" (6) |

### ORDER & REASONS

Before the Court is a Motion for stay of order granting habeas corpus relief pending appeal filed by Burl Cain. (Rec. Doc. 28). Petitioner opposes the motion. (Rec. Doc. 33.) In November 2001, Petitioner was convicted of one count of second degree murder in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana, State of Louisiana (Rec. Doc. 25.) After exhausting available state remedies, Petitioner filed a petition with this Court for habeas corpus relief based on four claims: 1) violation of petitioner's rights under *Brady v. Maryland*, 373 U.S. 83 (1963); 2) violation of petitioner's right to confrontation; 3) ineffective assistance of counsel; and 4) the accumulation of errors committed prior to and during his trial. (See Rec. Doc. 1.) This Court granted relief based on violation of petitioner's rights under the confrontation clause and set aside Petitioner's conviction and sentence, ordering the state to either retry Petitioner or dismiss the charges within 120 days. (Rec. Doc. 25.) Having reviewed the record, the memoranda of counsel and the law, the Court has determined that the Motion for stay should be DENIED for the following

1

reasons.

**STAY FACTORS:**

The determination of whether to permit a stay pending the appeal of a decision granting habeas relief is governed by the standard set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987). In *Hilton*, the Supreme Court noted that while Fed. R. Civ. P. 23(c) does create a presumption of release from custody for successful habeas petitioners, the federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court. *Id.* at 774-75. This Court has provided such opportunity by affording the district attorney 120 days to retry the petitioner.

In addition to the language of Rule 23, the decision as whether to grant a stay is also guided by the general rules governing civil stays, FED. R. CIV. P. 62 and FED. R. APP. P. 8, regulated by the following four factors:

1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

2) whether the applicant will be irreparably injured absent a stay;

3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and

4) where the public interest lies.

*Hilton*, 481 U.S. at 776. The presumption in favor of enlargement of the petitioner may be overcome if these traditional factors "tip the balance against it." *Id.* at 777.

In addition to these traditional stay factors, the Supreme Court directed that other factors be taken into consideration: the possibility of flight; the risk that a prisoner will pose a danger to the public if released, if the State establishes such a risk; and the State's interest in continuing custody and rehabilitation pending the final determination of the case on appeal. *Id.*

**APPLICATION OF THE STAY FACTORS:**

The State must show conclusively, through an application of the stay factors described above, that a stay is warranted. "Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Hilton*, 481 U.S. at 778. As noted by this Court in *Burbank v. Cain*, the State is required to make a *strong* showing of why it is likely to succeed in order for this Court to properly consider this factor in determining whether to grant a stay. 2007 WL 2809996 at *2 (E.D. La. September 24, 2007) (Berrigan, J.).

The State confuses a "substantial case on the merits" of the appeal with the probability or likelihood of securing a conviction if and when petitioner is retried. A "substantial case on the merits" does not refer to the strength of the State's claims against the petitioner for the underlying conviction[1], but rather refers to the basis for the State's appeal of the district court's decision. *See*

---

[1] In the margin, the Court notes that while the State may be convinced of petitioner's guilt, this Court also found the verdict of his guilt to be constitutionally defective. By allowing the State 120 days in which to retry petitioner, the Court has more than adequately afforded an opportunity to the State to act upon its convictions and retry the petitioner.

3

*e.g.*, *Foster v. Gilliam*, 515 U.S. 1301, 1303 (construing *Hilton* as requiring "substantial case on the merits on appeal"). As a result, the State fails to address this first factor.

As to the second factor, the State asserts, without further elaboration, that "[i]t is unlikely or at the very least, it would be extremely difficult, that a new trial could be had within such a short period of time of 120 days." (Rec. Doc. 28-3 at 5.) The 120 days was provided, at this Court's discretion, for the State to correct the constitutional violation. This is not an insignificant period of time. And the State has not provided any evidence of any efforts made toward trial during this time period. In addition, the State claims that it is inefficient to appeal this decision while simultaneously retrying the petitioner. The State is correct that inefficiency may result from such situations and the first factor, whether there is a substantial case on the merits of the appeal, specifically addresses that concern. This Court, however, lacks the proper information from the stay applicant to discern whether or not the State's appeal presents a substantial case on the merits, i.e. whether there is likely to be an inefficiency because of a successful appeal.

As to the third factor, the interest of a habeas prisoner in release pending appeal is "always substantial." *Hilton*, 481 U.S. at 777.

As to the fourth factor, the State argues that petitioner's capacity for violence and his life sentence justifies a public interest in keeping petitioner incarcerated. There is no evidence in the record, beyond the constitutionally defective verdict against the petitioner, of his capacity for violence. The Court therefore lacks any evidence as to this determination. The single factor that this Court finds to be in favor of the state and against the presumption of release concerns the length of the sentence remaining for the petitioner, who was sentenced to a life term. However, the Court

finds that, with this and no more, the state has not sufficiently shown that the presumption favoring release is overcome in this case.

**CONCLUSION:**

Accordingly,

    IT IS ORDERED that the Motion for stay is DENIED. (Rec. Doc. 28).

    New Orleans, Louisiana, this 29th day of May, 2009.

                                  HELEN G. BERRIGAN
                                  UNITED STATES DISTRICT JUDGE